## Case No. 4,162.

DUNKLE et al. v. WORCESTER et al.

[5 Biss. 102.][1]

Circuit Court, N. D. Illinois. June, 1869.

DRUMMOND, District Judge. The motion to suppress this deposition, taken in New York, for the reason that it did not appear by the statement of the officers what the reasons were for which the deposition was taken, it being an ex parte deposition, must be sustained, although I suppose it is a clerical error in the certificate of the officer. "And I certify that the reason for taking such deposition is, and the fact is, that the said witness in the city of New York, more than one hundred miles," etc. Probably the word left out is "resides," the statute authorizing depositions to be taken where a witness lives more than one hundred miles from the place where the cause is to be tried. But I believe the supreme court have held that it is not competent for us to supply any omission of this kind. It is strictissimi juris. It must affirmatively appear on the face of the certificate, or in some way, that the cause specified in the statute actually existed. It is a technical point of the greatest nicety, I admit, but if we commence supplying words, the question is, where shall we stop? It may be that the witness, instead of living in the state of New York, was simply there for the time being, and it might happen, therefore, that an Illinois or Chicago witness might temporarily have been in New York, and that his deposition might have been taken while he was there. As the counsel said, we can supply the word that the witness "was in" New York aforesaid, more than a hundred miles, etc. That illustrates the danger of supplying an omission of this kind, and although it is most probable that the word "reside" was the word intended to be inserted by the officer, still, we must take it as it stands.

Deposition suppressed.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]